[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON THE MOTION TO CORRECT (#168)
CT Page 2884
Before the Court is the plaintiff Susan Lazaroff's motion to correct pendente lite orders with respect to the payment of tuition which was based on a written agreement (agreement) entered into by the parties pertaining to alimony, support, custody and visitation. The agreement was the result of negotiations which took place in the courthouse and lasted most of the day on September 7, 1999.
The agreement provided in part that "[t]he plaintiff and the defendant shall each pay $244.00 per month to Hamden Hall for the children's tuition" (emphasis added). The parties agree that the actual cost of Hamden Hall is $488.00 per week for both children. If there was no more the court would agree with the plaintiff that it was obviously a scrivener's error and would correct the order with respect to tuition.
There, however, is more. A review of the financial affidavits and the award of unallocated alimony and support substantiates the defendant Stuart Lazaroff's contention that he agreed to pay only $244.00 per month toward the children's tuition and that the balance was the responsibility of the plaintiff. The plaintiffs affidavit reflects weekly expenses of $2,164.20 which includes the full payment of the children's tuition in the amount of $448.00. In addition, the plaintiffs affidavit reflects net weekly income of $441.00 which based upon her claimed expenses of $2,164.00 leaves a shortfall of $1,723.00 per week. The agreement provided for unallocated alimony and support in the amount of $1,923.00 per week.
Furthermore, the defendant reflects in his financial affidavit net weekly wages of $2,671.00. After deducting the weekly unallocated alimony and support of $1,923.00 plus $61.00 (1/4 of $244.00 per month payment for tuition), results in the net weekly amount of $687.00 available for the defendant's living expenses.
Furthermore, the evidence is clear that negotiations on September 7, 1999 focused on who was to pay the tuition, with the plaintiff demanding that the defendant pay one-half and the defendant refusing to do so. There may have been a mistake on the part of the plaintiff, but there was none with respect to the defendant. "A judgment rendered upon a stipulation of the parties is in the nature of a contract and may be opened by the court if the stipulation was entered into by mutual mistake. A mutual CT Page 2885 mistake is one that is common to both parties and effects a result that neither intended. Whether there has been such mistake is a question of fact. (Internal citations omitted.) InlandWetlands Watercourses Agency v. Landmark Investment Group.Inc., 218 Conn. 703, 707-8 (1991); Holmes, Oliver Wendell, "The Path of the Law," 10 Harv. L. Rev. 457, 464 (1897). ("[T]he making of a contract depends not on the agreement of two minds in one intention, but on the agreement of two sets of external signs, — not on the parties' having meant the same thing but on their having said the same thing.")
The motion to correct is denied.
Berdon, J.